1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HAIRL WILHELM, | CASE NO. 1:10-cv-00001-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| ARON ROTMAN, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

        Plaintiff Steven Hairl Wilhelm is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the Court is the complaint, filed December 31, 2009.  (Compl., ECF No. 1.)

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

        In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

2  (2007)).

3       Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

5  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct.

6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]

7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8  between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting

9  Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129

11  S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

13  **II.   Complaint Allegations**

14       Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

15  is currently housed at the California Substance Abuse Treatment Facility in Corcoran.  Plaintiff was

16  diagnosed with a hernia on October 7, 2005.  On July 15, 2008, Plaintiff was examined by Defendant

17  Rotman who confirmed that Plaintiff had a double hernia.  On September 5, 2008, Plaintiff was seen

18  by a surgeon, Defendant Schuster, who briefly examined Plaintiff, told him that he did not have a

19  hernia, and refused to operate on Plaintiff.  On September 8, 2008, Plaintiff submitted a medical

20  request to see Defendant Rotman regarding Defendant Schuster's findings.  (Compl. at 3, ECF 1.)

21       On October 12, 2008, Plaintiff submitted a letter to Defendant Rotman informing him that

22  Plaintiff wanted to be seen about his hernia.  Plaintiff saw Defendant Rotman on November 11,

23  2008, and requested an ultra-sound or x-ray be performed to determine if he had a hernia.  Defendant

24  Rotman informed Plaintiff that those tests would not show anything and that they would discuss his

25  hernia at his next appointment.  On December 7, 2008, Plaintiff sent a letter to Defendant Rotman

26  requesting an appointment.  On December 11, 2008, Plaintiff submitted a medical request to see

27  Defendant Rotman.  On December 24, 2008, Plaintiff saw Defendant Rotman, who indicated he

28  would examine Plaintiff to see if he had a hernia at his next appointment.  (Id. at 5.)  Plaintiff saw

1  Defendant Rotman on January 27, 2009, and was informed that he would be placed on the list for

2  an appointment with a surgeon.   During this time period Plaintiff was told that he had medical

3  appointments on several occasions, but was not called for the appointments. (Id. at 5-6.)  On March

4  26, 2009, Plaintiff saw Defendant Rotman again and asked why he had not been seen by the surgeon.

5  (Id. at 6.)

6      On July 17, 2009, Plaintiff was interviewed in response to an inmate grievance and was told

7  that he was removed from the list to see a surgeon because Defendant Rotman failed to file the

8  correct paperwork.   In response to a letter sent to the prison law office Plaintiff was sent to see a

9  surgeon and surgery was scheduled.   On August 26, 2009, Plaintiff was seen by Defendant Pierre

10  who informed him that he was scheduled to be transferred to Soledad.   (Id.)   Plaintiff asked

11  Defendant Pierre to put a medical hold on him so that the surgery could be performed and Defendant

12  Pierre refused.  (Id. at 6-7.)

13      Plaintiff alleges that he was in daily pain, endured significant pain and suffering, and was

14  unable to do his normal exercise or daily routine for four years[1] due to the hernia . (Id. at 20.)  He

15  brings this suit against Defendants Rotman, Schuster, and Pierre for deliberate indifference in

16  violation of the Eighth Amendment seeking monetary damages. (Id. at 16-1, 217.)  For the reasons

17  set forth below, Plaintiff has failed to state a cognizable claim for relief.  Plaintiff shall be given the

18  opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

19  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to

20  apply to his claims.  Plaintiff should carefully review the standards and amend only those claims that

21  he believes, in good faith, are cognizable.

22  **III.   Discussion**

23      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

24  must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096

25  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).   The two part test for

26

27      [1]The Court notes that, although Plaintiff is alleging he endured pain and suffering for four years, the
    incidents alleged in the complaint occurred in the seventeen months prior to the filing of the complaint.  It would

28  appear Plaintiff's complaint contains allegations for a period of time prior to these Defendants being involved in his
    medical care.

1   deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating
2   that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary
3   and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately
4   indifferent." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett, 439 F.3d at
5   1096).

6        Deliberate indifference is shown where there was "a purposeful act or failure to respond to
7   a prisoner's pain or possible medical need" and the indifference caused harm. Conn, 591 F.3d at
8   1095 (quoting Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard." Simmons
9   v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051,
10  1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an
11  inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer
12  v. Brennan, 511 U.S. 825, 837 (1994).

13       Plaintiff fails to allege facts demonstrating that his hernia was a serious medical condition
14  requiring surgery. The mere fact that Plaintiff was diagnosed with a hernia does state a plausible
15  claim that he required surgery. Iqbal, 129 S. Ct. at 1949-50. The complaint is devoid of any facts
16  that would indicate his hernia was not being appropriately treated, that Defendants were aware that
17  Plaintiff could suffer any further significant injury, or there was 'unnecessary and wanton infliction
18  of pain. Conn, 591 F.3d 1095. Plaintiff's disagreement regarding treatment fails to state a
19  cognizable claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven,
20  433 F.2d 873, 874 (9th Cir. 1970). Additionally, while Plaintiff was requesting surgery, the facts
21  fail to allege that he suffered any significant harm from the delay in surgery. Hallett v. Morgan, 296
22  F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley
23  v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984).

24       Plaintiff alleges that Defendant Schuster failed to diagnose his hernia and recommend
25  surgery, however, a difference of opinion between medical providers regarding treatment does not
26  amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Nor does
27  an allegation by a prisoner that a physician has been merely indifferent or negligent or has committed
28  medical malpractice in diagnosing or treating a medical condition state a constitutional claim.

1    Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057.

2    "Medical malpractice does not become a constitutional violation merely because the victim is a

3    prisoner." Estelle, 429 U.S. at 106.

4    **IV.    Conclusion and Order**

5            For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

6    a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within

7    thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

8    nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

9    F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

10           Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

11   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

12   Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

13   duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

14   caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

15   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

16   speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

17           Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

18   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

19   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

20   causes of action alleged in an original complaint which are not alleged in an amended complaint are

21   waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

22   Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

23           Based on the foregoing, it is HEREBY ORDERED that:

24           1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

25           2.      Plaintiff's complaint, filed December 31, 2009, is dismissed for failure to state a

26                   claim upon which relief may be granted under section 1983;

27           3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

28                   amended complaint; and

      4.       If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 7, 2011

UNITED STATES MAGISTRATE JUDGE