1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9 | STEVE WILHELM, | CASE NO. 1:10-cv-00001-GBC (PC)

10 |      Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

11 |    v. | FOR FAILURE TO STATE A CLAIM

12 | ARON ROTMAN, et al., | (ECF No. 12)

13 |      Defendants. | CLERK TO CLOSE CASE

                                        /

14

15 **ORDER**

16 **I.     PROCEDURAL HISTORY**

17    Plaintiff Steve Wilhelm is a state prisoner proceeding pro se and in forma pauperis

18 in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

19 December 31, 2009 and consented to Magistrate Judge jurisdiction on February 3, 2010.

20 (ECF Nos. 1 & 7.)  Plaintiff's original complaint was dismissed with leave to amend.  (ECF

21 No. 9.)  On March 15, 2011, Plaintiff filed his First Amended Complaint.  (ECF No. 12.)  No

22 other parties have appeared.  It is this First Amended Complaint that is now before the

23 Court for screening.

24    For the reasons set forth below, the Court finds that Plaintiff's First Amended

25 Complaint fails to state a claim upon which relief may be granted.

26 **II.     SCREENING REQUIREMENTS**

27    The Court is required to screen complaints brought by prisoners seeking relief

28 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

1   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

2   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

3   relief may be granted, or that seek monetary relief from a defendant who is immune from

4   such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion

5   thereof, that may have been paid, the court shall dismiss the case at any time if the court

6   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

7   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

8        A complaint must contain "a short and plain statement of the claim showing that the

9   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

10  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

11  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

12  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

13  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

14  face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual

15  allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

16  **III.     SUMMARY OF COMPLAINT**

17       Plaintiff alleges that Defendants did not provide adequate health care in violation

18  of his Eighth Amendment.  Plaintiff names the following individuals as Defendants: Dr.

19  Aron Rotman, Dr. Calvin Schuster, and Doctor Assistant Jean Pierre.

20       Plaintiff alleges as follows: On July 15, 2008, Plaintiff was examined by Defendant

21  Rotman, who diagnosed Plaintiff with a double hernia.  Plaintiff was scheduled to see a

22  surgeon. On September 5, 2008, Plaintiff was given a very short examine by the surgeon,

23  Defendant Schuster, who told Plaintiff that he did not have a hernia and that an operation

24  was not necessary.

25       Plaintiff submitted a medical request to see Rotman on September 8, 2008, but

26  Plaintiff was not called in for the appointment. On October 12, 2008, Plaintiff sent Rotman

27  a letter explaining that he needed to be seen regarding his hernia.  Plaintiff was scheduled

28  for appointments on October 21 and 26, 2008, but was not called in for either appointment.

1    Plaintiff finally saw Rotman on November 11, 2008 and asked for testing to determine if

2    he had a hernia.  Rotman told him they would discuss the hernia at Plaintiff's next

3    appointment.  Plaintiff was scheduled to see Rotman on December 4, 2008, but was not

4    called in for the appointment.  Plaintiff sent another letter to Rotman on December 7, 2008

5    and did not receive a response.  On December 11, 2008, Plaintiff submitted a medical

6    request to see Rotman.  Plaintiff was scheduled to see a nurse on December 19, 2008, but

7    was not called in for the appointment.  Plaintiff saw Rotman on December 24, 2008 and

8    he said Plaintiff would be examined for a hernia at his next appointment.  On January 27,

9    2009, Plaintiff saw Rotman who told him he would place him on the list to see a surgeon.

10   On March 26, 2009, Plaintiff saw Rotman and asked why he had not been to the surgeon

11   yet.  Rotman told him to be patient.

12          On July 17, 2009, Plaintiff had an interview for a 602 appeal he had filed about his

13   hernia and the length of time it was taking to see a surgeon.  During the interview, he was

14   told by the interviewer that he had been taken off the surgeon list because Rotman failed

15   to file the correct papers.

16          Plaintiff was eventually scheduled for surgery.  Before that could occur, on August

17   26, 2009, Plaintiff was told he was going to be transferred.  Plaintiff then asked Defendant

18   Pierre to place a medical hold on Plaintiff so that he could have the surgery.  Pierre

19   declined.

20          Plaintiff requests punitive and compensatory damages for emotional injuries and

21   suffering.

22   **IV.    ANALYSIS**

23          The Civil Rights Act under which this action was filed provides:

24                  Every person who, under color of [state law] . . . subjects, or
                    causes to be subjected, any citizen of the United States . . . to
25                  the deprivation of any rights, privileges, or immunities secured
                    by the Constitution . . . shall be liable to the party injured in an
26                  action at law, suit in equity, or other proper proceeding for
                    redress.
27
     42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal
28

                                                3

1  Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

2  1997) (internal quotations omitted).

3      Plaintiff alleges that Defendants Rotman, Schuster, and Pierre failed to provide

4  adequate medical care for his hernia in violation of the Eighth Amendment.

5      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

6  inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439

7  F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The

8  two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

9  need' by demonstrating that 'failure to treat a prisoner's condition could result in further

10  significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

11  response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting

12  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

13  WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations

14  omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a

15  prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439

16  F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of

17  the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the

18  named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . .

19  . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

20      The objective component of deliberate indifference requires the showing of a

21  serious medical need.  "A 'serious' medical need exists if the failure to treat a prisoner's

22  condition could result in further significant injury or the 'unnecessary and wanton infliction

23  of pain'."  McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104);

24  see also Jett, 439 F.3d at 1096.  "This is true whether the indifference is manifested by

25  prison doctors in their response to the prisoner's needs or by prison guards in intentionally

26  denying or delaying access to medical care or intentionally interfering with treatment once

27  prescribed."  Estelle, 429 U.S. at 104-105.  The objective element requires proof that the

28  prisoner's serious medical needs were not timely and properly treated.

1        The subjective component of deliberate indifference considers the nature of the

2 defendant's response to the serious medical need and whether the defendant had a

3 culpable mental state, which is "'deliberate indifference' to a substantial risk of serious

4 harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer, 511 U.S. at

5 835). "[T]he official must both be aware of the facts from which the inference could be

6 drawn that a substantial risk of serious harm exists, and he must also draw the inference."

7 Farmer, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns

8 not upon its effect on the prisoner, but rather, upon the constraints facing the official."

9 Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)). "This

10 second prong--defendant's response to the need was deliberately indifferent--is satisfied

11 by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible

12 medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citing

13 McGuckin, 974 F.2d at 1060). "A prisoner need not show his harm was substantial;

14 however, such would provide additional support for the inmate's claim that the defendant

15 was deliberately indifferent to his needs." Id. Indications of a serious medical need include

16 "[t]he existence of an injury that a reasonable doctor or patient would find important and

17 worthy of comment or treatment; the presence of a medical condition that significantly

18 affects an individual's daily activities; or the existence of chronic and substantial pain."

19 McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th

20 Cir. 1990)).

21        If the claim alleges mere delay of treatment, the inmate must establish that the delay

22 resulted in some harm. McGuckin, 974 F .2d at 1060 (citing Shapley v. Nevada Board of

23 State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)). The delay need not

24 cause permanent injury. McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503

25 U.S. 1, 10 (1992). Unnecessary infliction of pain is sufficient to satisfy this requirement.

26 Id.

27        In applying this standard, the Ninth Circuit has held that before it can be said that

28 a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

1  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

2  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

3  (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in

4  diagnosing or treating a medical condition does not state a valid claim of medical

5  mistreatment under the Eighth Amendment.  Medical malpractice does not become a

6  constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106;

7  see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974

8  F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence

9  is insufficient to establish deliberate indifference to serious medical needs.  See Wood v.

10  Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

11  Also, "a difference of opinion between a prisoner-patient and prison medical

12  authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon,

13  662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must

14  show that the course of treatment the doctors chose was medically unacceptable under

15  the circumstances . . . and . . . that they chose this course in conscious disregard of an

16  excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)

17  (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment

18  does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242

19  (9th Cir. 1989).

20  Plaintiff states that he suffered prolonged pain because of the delay in receiving

21  treatment.  Plaintiff states that, because of the delay in treatment, he could have suffered

22  a strangulated hernia.  However, Plaintiff does not state that this occurred.  Plaintiff does

23  not state that he suffered any further harm because of the delay in treatment.

24  As to Defendant Schuster, Plaintiff states that Schuster was aware of Plaintiff's

25  medical history because he had access to his medical file; that Schuster's deliberate

26  indifference was shown by his failure to adequately examine Plaintiff, failure to correctly

27  diagnose Plaintiff, and failure to do the surgery.  Plaintiff, again, fails to demonstrate

28  deliberate indifference by Defendant Schuster.  Plaintiff was scheduled to see the surgeon,

1  saw and was examined by the surgeon, and the surgeon decided that surgery was

2  unnecessary.  This does not demonstrate deliberate indifference to Plaintiff's medical

3  need.  If in fact Schuster did misdiagnose Plaintiff, it appears to be nothing more than

4  negligence or perhaps medical malpractice, but it does not amount to an Eighth

5  Amendment violation.   Thus, this claim fails.

6       As to Defendant Rotman, Plaintiff states that he was repeatedly not called in for his

7  scheduled appointments with Rotman; that when he finally did see Rotman, Rotman told

8  him they would talk about the hernia at the next appointment; that Rotman twice sent him

9  to see the surgeon; and that Rotman failed to file the correct paperwork for Plaintiff to see

10  the surgeon the second time.  Again, Plaintiff has failed to establish deliberate indifference

11  by Defendant Rotman.  It appears that although Plaintiff did not see Rotman as often as

12  he would have liked, he was seen by Rotman several times.  Rotman did send Plaintiff to

13  see a surgeon twice, though the second time was delayed.  Again, Rotman's conduct

14  appears to be negligence, which does not amount to a constitutional violation.

15       The Court notes that in a medical request form attached to his Complaint, Plaintiff

16  described his requested treatment/service as "routine".  This leads the Court to conclude

17  that, while Plaintiff may have been in some pain, he was not suffering serious enough pain

18  to describe his request as "urgent" or "emergent", the other options on the form.  (EFC No.

19  12, Pl.'s 1st Am. Compl. ex. A.) Additionally, in another attachment where Plaintiff's appeal

20  was partially granted, it appears as though Plaintiff's Primary Care Provider (Rotman)

21  cancelled the second scheduled appointment with the surgeon because the condition had

22  resolved itself.  (Id.)  Plaintiff was evaluated again on August 3, 2009, during which time

23  it was determined that he should be referred for outside services.  (Id.)  Plaintiff fails to

24  include this in his statement of the facts.[1]

25       As to Defendant Pierre, Plaintiff states that Pierre denied his request for a medical

26  hold to prevent a transfer so he could receive the surgery.  Plaintiff has also failed to allege

27

28       [1]  A Court may disregard factual allegations that are contradicted by exhibits attached to the
complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

1  sufficient facts to demonstrate that Defendant Pierre was deliberately indifferent.  Plaintiff

2  was given the opportunity to include additional facts related to Pierre's conduct, and failed

3  to do so.  Thus, being that Plaintiff stated the exact same thing in his original complaint

4  which was insufficient then, this claim is dismissed.

5        Again, the Court finds that Plaintiff's allegations, without more, are insufficient to

6  support a violation of the Eighth Amendment.  Thus, the Court finds that amendment of this

7  claim would be futile.  Plaintiff was previously notified of the relevant legal standards and

8  the deficiencies in his prior complaint.   His First Amended Complaint contains no

9  allegations that are materially different than those contained in his previous complaint.  In

10  fact, the statement of the case is basically the same as in the original complaint.  Because

11  Plaintiff's First Amended Complaint again fails to state a claim, the Court will dismiss this

12  claim without further leave to amend.

13  **V.      CONCLUSION AND ORDER**

14        The Court finds that Plaintiff's First Amended Complaint fails to state any Section

15  1983 claims upon which relief may be granted against the named Defendants.  Under Rule

16  15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when

17  justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all

18  possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th

19  Cir. 2000) (internal citations omitted).  However, in this action, Plaintiff filed his original

20  complaint and received substantial guidance from the Court in its Screening Order.  (ECF

21  Nos. 1 & 9.)  Even after receiving the Court's guidance, Plaintiff failed to make alterations

22  or to include additional facts to address the noted deficiencies.  Because of this, the Court

23  finds that the deficiencies outlined above are not capable of being cured by amendment,

24  and therefore orders that further leave to amend not be granted.   28 U.S.C. §

25  1915(e)(2)(B)(ii).

26  /////

27  ///

28  //

1    Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action

2  be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which

3  relief may be granted.

4  IT IS SO ORDERED.

5

   Dated:    May 10, 2011

6                                                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28