1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STEVEN HAIRL WILHELM,

        Plaintiff,

  v.

DR. A. ROTMAN, et al.,

        Defendants.

1:10cv0001 DLB PC

ORDER DENYING PLAINTIFF'S
REQUEST FOR ENTRY OF DEFAULT

(Document 28)

Plaintiff Steven Hairl Wilhelm ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action filed on December 31, 2009.  On July 12, 2012, the Court issued an order finding service of the First Amended Complaint appropriate as to Defendant Dr. A. Rotman and requiring Plaintiff to return service documents within thirty days.

Plaintiff submitted service documents on August 6, 2012, and this Court directed the United States Marshal to serve Defendant Rotman by order dated August 15, 2012.

On December 10, 2012, Plaintiff filed a request for entry of default.  In his request, he cites the language in the August 15, 2012, which states, "Within ten days from the date of this order, the Marshals Service is directed to notify…defendants of the commencement of this action and to request waiver of service. . ."  Plaintiff states that because this time has passed and Defendant Rodman has not yet filed answer, he is entitled to entry of default.

Plaintiff correctly states that the United States Marshal was directed to initiate service of process on August 15, 2012.  There is no evidence in the record that service has been effected, however, triggering Defendant's legal obligation to respond to Plaintiff's First Amended Complaint. Fed. R. Civ. P. 4(d), (e); Fed. R. Civ. P. 55(a).  Indeed, the Court notes that Defendant has an

opportunity to waive service of the summons and First Amended Complaint, and should he elect to waive service, he has sixty days from the date set forth in the waiver to file that response.  Fed. R. Civ. P. 4(d); Service Order.

Plaintiff's motion is therefore premature, the absence of any documentary evidence in support of his motion notwithstanding.  Until and unless Plaintiff has evidence that Defendant is in default, he should not seek entry of default.

Accordingly, Plaintiff's motion for entry of default is HEREBY DENIED.  Fed. R. Civ. P. 55(a).

IT IS SO ORDERED.

Dated:   **January 30, 2013**                          /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE