# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HAIRL WILHELM,<br><br>Plaintiff,<br><br>v.<br><br>DR. A. ROTMAN, et al.,<br><br>Defendants. | 1:10cv0001 DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT ROTMAN SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Steven Hairl Wilhelm ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action filed on December 31, 2009. On July 12, 2012, the Court issued an order finding service of the First Amended Complaint appropriate as to Defendant Dr. A. Rotman and requiring Plaintiff to return service documents within thirty days.

On June 10, 2003, the United States Marshal returned the summons unexecuted.

Rule 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the

1

U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

According to the unexecuted proof of service, the United States Marshal has tried to serve Defendant Rotman numerous times without success. Summons was mailed on September 24, 2012, but returned on October 19, 2012, because Defendant was no longer employed at the address. The Marshal received a forwarding address and on October 26, 2012, sent the summons to the last known address. As of March 21, 2013, the Marshal had not received a response. After another unsuccessful attempt to serve summons, the Marshal concluded that he was unable to serve Defendant.

Accordingly, the Marshal's Office appears to have exhausted the avenues available to it in attempting to locate and serve Defendant Rotman. Walker, 14 F.3d at 1421-22. Plaintiff shall be provided with an opportunity to show cause why Defendant Rotman, the sole Defendant in this action, should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Rotman, and this action, shall be dismissed.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Rotman, and therefore this action, should not be dismissed; and

2. **The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Rotman and this action**.

IT IS SO ORDERED.

Dated:   **July 8, 2013**                              /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE