1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HAIRL WILHELM, | 1:10cv0001 DLB PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SERVICE ORDER |
| DR. A. ROTMAN, et al., | (Document 46) |
| Defendants. | |

Plaintiff Steven Hairl Wilhelm ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action filed on December 31, 2009. On July 12, 2012, the Court issued an order finding service of the First Amended Complaint appropriate as to Defendant Dr. A. Rotman. Plaintiff submitted service documents on August 6, 2012, and this Court directed the United States Marshal to serve Defendant Rotman by order dated August 15, 2012.

On June 10, 2013, the United States Marshal returned service unexecuted. Consequently, the Court issued an Order to Show Cause to Plaintiff on July 8, 2013. Plaintiff responded to the order on July 29, 2013, and provided another address for Defendant Rotman.

On July 31, 2013, the Court ordered the Marshal to serve Defendant Rotman at the address provided by Plaintiff. The Marshal has not returned service, either executed or unexecuted.

On March 31, 2014, Plaintiff filed a motion to "enforce" the July 31, 2013, order. Plaintiff cites the portions of the order requiring the Marshal to notify Defendant Rotman of the action and request a waiver within ten days. He also cites the requirement that the Marshal personally serve Defendant Rotman if the waiver is not returned within sixty days.

Plaintiff, noting that it has been over eight months since the July 2013 order, requests that the Court order the Marshal to "enforce" the order.  Plaintiff has filed numerous motions regarding service in the past, and the Court recognizes that serving Defendant Rotman has been difficult. However, the order does not give the Court power to "enforce" the service timeline.  Rather, service is dependent upon locating a defendant, which in some instances, can take quite some time. Moreover, the Marshal, like the Court, is tasked with handling a large number of pro se cases where the plaintiff is proceeding pro se.

Until such time as the United States Marshal returns service and informs the Court whether service was successful, the Court will not issue any further orders.  The Court also notes that a plaintiff proceeding in forma pauperis, and for whom service is performed by officers of the court pursuant to 28 U.S.C. § 1915(d), has no ability to dictate how that service shall lawfully be accomplished.

Accordingly, Plaintiff's motion is DENIED.


IT IS SO ORDERED.

Dated:   **April 1, 2014**          _____ /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE

2