# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STEVEN HAIRL WILHELM,

      Plaintiff,

    v.

DR. ARON ROTMAN,

      Defendant.

_____/

Case No.  1:10-cv-00001 DLB PC

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

(Document 53)

Plaintiff Steven Hairl Wilhelm ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 31, 2009.[1]

On May 10, 2011, the Court dismissed Plaintiff's First Amended Complaint without leave to amend for failure to state an Eighth Amendment claim against any Defendant.  Plaintiff appealed the dismissal.

On May 25, 2012, the Court of Appeals for the Ninth Circuit affirmed in part, and reversed in part.  The Ninth Circuit concluded that as to Defendant Rotman, Plaintiff stated a claim under the Eighth Amendment for deliberate indifference to a serious medical need.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 3, 2010.  Defendant Rotman filed his consent on October 20, 2014.

Pursuant to the Ninth Circuit's order, this Court ordered service on Defendant Rotman on August 15, 2012.  After more than two years of unsuccessful attempts at service, Defendant Rotman was personally served on September 16, 2014.

On October 7, 2014, Defendant Rotman filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant requests that this action be dismissed with prejudice.

The Court deems the motion suitable for decision without an opposition, pursuant to Local Rule 230(l).

**A.**       **Intersection of Statutory Screening, Rule 12(b)(6) Motions, and the Law of the Case Doctrine**

If Defendant, in a case which has been screened, believes there is a good faith basis for revisiting a prior determination made in a screening order, he must identify the basis for his motion, be it error, an intervening change in the law, or some other recognized exception to the law of the case doctrine.  *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").  The duty of good faith and candor requires as much, and frivolous motions which serve only to unnecessarily multiply the proceedings may subject the moving parties to sanctions.  *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1119 (9th Cir. 2000).  Parties are not entitled to a gratuitous second bite at the apple at the expense of judicial resources and in disregard of court orders.  *Ingle*, 408 F.3d at 594 (The law of the case "doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (internal quotation marks and citation omitted); *Thomasv. Hickman*, 2008 WL 2233566, *3 (E.D. Cal. 2005) (for important policy reasons, the law of the case doctrine disallows parties from a second bite at the apple).

2

1   In sum, Rule 12(b)(6) motions that fail to acknowledge the prior procedural history and

2   screening orders, and that fail to articulate the reasons for the motions in light of the prior relevant

3   orders implicate the law of the case doctrine, unnecessarily multiply the proceedings, and fall well

4   below the level of practice which is expected in federal court.

5   The foregoing bears particular emphasis because in this situation, Defendant entirely fails

6   to acknowledge the prior procedural history and distinguish the grounds for his motion in light of

7   that history.  His failure to do so is particularly glaring given that while the law of the case

8   doctrine is discretionary, the rule of mandate is not.  *Hall v. City of Los Angeles*, 697 F.3d 1059,

9   1067 (9th Cir. 2012); *Ingle*, 408 F.3d at 594.

10   **B.** **Rule of Mandate**

11   Turning to the appellate court's decision, the Court can appreciate Defendant's position

12   that the First Amended Complaint fails to state a claim upon which relief may be granted, as the

13   Court previously reached the same conclusion.

14   However, other than mentioning that "an appeal was taken and a subsequent order by the

15   court allowed the FAC to proceed against Defendant Dr. Rotman," Mot. 2, Defendant wholly fails

16   to acknowledge the Ninth Circuit's analysis and ruling.  In fact, Defendant suggests that *this* Court

17   "allowed" the action to proceed by citing to the July 12, 2012, order for Plaintiff to return service

18   document Pts.  To contrary, the decision to allow this action to proceed was made by the Ninth

19   Circuit based on its finding that Plaintiff stated a claim under the Eighth Amendment.  This

20   Court's July 12, 2012, order simply required Plaintiff to return service documents based on the

21   Ninth Circuit's finding that Defendant Rotman should be served.

22   In recommending dismissal of this action for failure to state a claim, this Court found that

23   Plaintiff's allegations did not demonstrate that Defendant acted with deliberate indifference.

24   Rather, the Court found his actions to be akin to negligence, and therefore not rising to the level of

25   an Eighth Amendment violation.  ECF No. 13, at 5.

26   The Ninth Circuit, however, disagreed and reversed *in full* the dismissal of the Eighth

27   Amendment medical claim against Defendant Rotman, finding that the allegations demonstrated

28   deliberate indifference in implementing the prescribed treatment.  The Ninth Circuit concluded,

"Accordingly, Plaintiff's allegations against Dr. Rotman are sufficient to meet the low threshold for proceeding past the screening stage." ECF No. 22, at 16.

The Ninth Circuit came to this conclusion after analyzing Plaintiff's allegations under the screening standard of § 1915A, which the Court explained is the same standard as that used for 12(b)(6) motions. Inexplicably, Defendant now asks this Court to perform the same analysis and dismiss this action *with prejudice*.

"A district court that has received mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall*, 697 F.3d at 1067 (citation omitted). The appellate court's decision is binding "as to issues decided explicitly *or by necessary implication*." *U.S. v. Garcia-Beltran*, 443 F.3d 1126, 1129 (9th Cir. 2006) (internal quotation marks and citation omitted) (emphasis added). Thus, the ruling that Plaintiff's amended complaint survives the pleading stage and states a claim against Defendant under the Eighth Amendment is binding on the parties and the Court. *Hall*, 697 F.3d at 1067; *Garcia-Beltran*, 443 F.3d at 1129-30; *Houser*, 804 F.2d at 567.

## C.    <u>ORDER</u>

Based on the above, the Court DENIES Defendant's motion to dismiss and ORDERS Defendant to file a response to the First Amended Complaint within twenty-one (21) days.

IT IS SO ORDERED.

Dated:   __October 23, 2014__                    _____ /s/ *Dennis L. Beck*

                                                                    UNITED STATES MAGISTRATE JUDGE

4