# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HAIRL WILHELM,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. ARON ROTMAN,<br><br>    Defendant.<br>_____/ | Case No.  1:10-cv-00001 DLB PC<br><br>ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED<br><br>TEN-DAY DEADLINE |

      Plaintiff Steven Hairl Wilhelm ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 31, 2009.[1]

      On May 10, 2011, the Court dismissed Plaintiff's First Amended Complaint without leave to amend for failure to state an Eighth Amendment claim against any Defendant.  Plaintiff appealed the dismissal.

      On May 25, 2012, the Court of Appeals for the Ninth Circuit affirmed in part, and reversed in part.  The Ninth Circuit concluded that as to Defendant Rotman, Plaintiff stated a claim under the Eighth Amendment for deliberate indifference to a serious medical need.

      Pursuant to the Ninth Circuit's order, this Court ordered service on Defendant Rotman on August 15, 2012.  After more than two years of unsuccessful attempts at service, Defendant Rotman was personally served on September 16, 2014.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 3, 2010.  Defendant Rotman filed his consent on October 20, 2014.

On October 7, 2014, Defendant Rotman filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argued that Plaintiff failed to state a claim for which relief could be granted and requested that the Court dismiss the action with prejudice. The Court recently denied the motion.

As noted above, the Ninth Circuit previously ruled that Plaintiff's allegations are sufficient to state a claim upon which relief may be granted against Defendant Rotman for violation of the Eighth Amendment. 28 U.S.C. § 1915A; Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). While acknowledging that binding decision in passing, Defendant Rotman sought dismissal of Plaintiff's Eighth Amendment claim.

Defendant's counsel, as an officer of the court, has a duty of good faith and candor to the Court, and sanctions may be imposed for filing frivolous motions which serve only to unnecessarily multiply the proceedings. Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1119 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that within ten (10) days from the date of service of this order, Defendant SHOW CAUSE why sanctions should not be imposed for needlessly multiplying the proceedings in this action.

IT IS SO ORDERED.

Dated:   **October 29, 2014**                         /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE